THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SHIVWITS BAND OF PAIUTE INDIANS and KANOSH BAND OF PAIUTE INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>CORRINA BOW, in her official capacity as Tribal Chairperson of the Paiute Indian Tribe of Utah,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br>• **GRANTING [66] MOTION TO FILE AMICUS BRIEF,**<br>• **GRANTING [62] MOTION TO WITHDRAW AS COUNSEL, AND ORDER OF DISMISSAL OF ACTION**<br><br>Case No. 4:20-cv-00009-DN<br><br>District Judge David Nuffer |

This action originally involved Plaintiffs Shivwits Band of Paiute Indians and Kanosh Band of Paiute Indians (the "Bands") allegations against the former Tribal Chairperson of the Paiute Indian Tribe of Utah ("PITU"), Tamra Borchardt-Slayton ("Borchardt-Slayton"), for certain alleged *ultra vires* actions taken by her in violation of federal law in her official capacity as Tribal Chairperson.[1] On April 24, 2021, Corrina Bow ("Bow") was elected to replace Borchardt-Slayton as the PITU Tribal Chairperson,[2] and Bow was substituted as the named Defendant in this action pursuant to FED. R. CIV. P. 25(d).[3] The Bands and Bow then filed a stipulation for dismissal ("Stipulation"),[4] but Borchardt-Slayton filed a motion to file an amicus

---

[1] Complaint, docket no. 2, filed Feb. 14, 2020.

[2] Notice of Substitution of Current Tribal Chairperson as Successor Defendant, Exhibit 1, docket no. 61-2, filed May 3, 2021.

[3] After Corrina Bow's automatic substitution as the named Defendant, a Notice to Parties Suggesting Action is Moot was entered, docket no. 63, filed May 21, 2021. Plaintiffs filed a Response to Court's Notice ("Response"), docket no. 65, filed Jun. 1, 2021, arguing that the action is not moot, and requesting entry of the Joint Stipulation for Dismissal ("Stipulation"), docket no. 64, filed May 27, 2021. Because the Stipulation with minor edits is entered with this order, the Response need not be addressed.

[4] Stipulation.

brief ("Amicus Brief Motion")[5] requesting that certain portions of the proposed stipulation ("Proposed Stipulation")[6] be stricken as contrary to her interests as a non-party. Based on review of the Stipulation, Proposed Stipulation, the Amicus Brief Motion, and all other filings in this action, the Stipulation is GRANTED in part, the Amicus Brief Motion is GRANTED, and this action is DISMISSED with prejudice.

## DISCUSSION

Borchardt-Slayton argues in her Amicus Brief Motion:

(1) Paragraph 4 in the Proposed Stipulation is contrary to the court's Findings of Fact and Conclusions of Law entered on January 6th ("January 6th Order")[7];[8]

(2) Paragraph 2 and the second sentence of paragraph 7 of the Proposed Stipulation should not be entered because those findings "serve no purpose other than to have this Court cast unsubstantiated blame on Ms. Borchardt-Slayton" and that "[u]nproven allegations stating that a nonparty violated Tribal law and federal law as alleged in the Complaint and that any damages or fees or costs incurred by Plaintiffs or individuals harmed by her acts may be pursued against Borchardt-Slayton in Tribal Court should not be turned into judicial findings of fact by this court";[9] and

(3) the pending motion to withdraw as counsel ("Motion to Withdraw")[10] has not yet been decided and so Bow has allegedly entered into the Stipulation without the advice and assistance of counsel.[11]

---

[5] Motion for Leave to File Amicus Brief on Behalf of Nonparties Indian Peaks Band of Paiute Indians and Tamra Borchardt-Slayton ("Amicus Brief Motion"), docket no. 66, filed Jun. 2, 2021.

[6] [Proposed] Order and Decree of Dismissal ("Proposed Stipulation"), docket no. 64-1, filed May 27, 2021.

[7] Findings of Fact, Conclusions and Order Denying: (Dkt. 22) Motion to Dismiss; (Dkt. 29) Motion to Submit Surreply in Opposition to Motion to Dismiss; and (Dkt. 35) Motion to Strike Plaintiffs' Notice of Supplemental Authority ("January 6th Order"), docket no. 41, filed Jan. 6, 2021.

[8] Amicus Brief Motion at 2–3.

[9] Amicus Brief Motion at 4 (internal quotation marks and citations omitted).

[10] Motion to Withdraw as Counsel for Defendant Corrina Bow in Her Official Capacity as Tribal Chairperson for the Paiute Indian Tribe of Utah ("Motion to Withdraw"), docket no. 62, filed May 14, 2021.

[11] Amicus Brief Motion at 5.

### Paragraph 4 of the Proposed Stipulation is entered as a recital in this Order and not as a binding legal conclusion.

Paragraph 4 of the Proposed Stipulation states:

> Each of the five Bands of the Paiute Indian Tribe of Utah, including the Plaintiff Shivwits and Kanosh Bands, has enforceable legal rights and general standing under the Paiute Restoration Act, the Indian Reorganization Act, and the Indian Civil Rights Act, equal to any rights of the Tribe, and can independently exercise any rights under those Acts;[12]

The January 6th Order did not address whether each Band of PITU has separately enforceable legal rights under the Paiute Restoration Act, the Indian Reorganization Act, and the Indian Civil Rights Act,[13] and this question has not been decided in this case. Therefore, paragraph 4 of the Proposed Stipulation will become a recital of agreement between the parties rather than a binding legal conclusion in the stipulation entered in this Order.

### Paragraph 2 and the second sentence of paragraph 7 of the Proposed Stipulation is entered acknowledging that any damages incurred have not been adjudicated by this court.

Paragraph 2 of the Proposed Stipulation addresses findings by the Tribal Council and Tribe,[14] which are not findings of this court. Such recitals of the parties' positions are not uncommon in settlement agreements between parties. Paragraph 2 will be included in the stipulation entered in this Order.

Paragraph 7 also presents findings by the Tribal Council and Tribe[15] and does not create an adjudication of liability against Borchardt-Slayton. The bolded and underlined language is added to paragraph 7 to bar any such assertions to the contrary:

---

[12] Stipulation ¶ 4 at 2.

[13] January 6th Order.

[14] Stipulation; *see also* Approval of Joint Stipulation for Dismissal and Order and Decree of Dismissal, Resolution No. 2021-23 ("Resolution"), docket no. 64-2, filed May 27, 2021.

[15] Stipulation; *see also* Resolution.

>The Tribe and Tribal Council are not liable for payment of any damages, attorney fees, or costs related to this case. Any damages or fees or costs incurred by Plaintiffs or individuals harmed by her acts **are not adjudicated here but** may be pursued against Borchardt-Slayton in Tribal Court;

**The pending motion to withdraw as council is granted and Defendant Corrina Bow need not file a Notice of Appearance because this action is dismissed.**

The pending Motion to Withdraw[16] complies with DUCivR 83-1.4(c) and good cause exists to grant the motion. Therefore, the Motion to Withdraw is GRANTED. This action will not be stayed because this Order disposes of this action. If Defendant Corrina Bow intends to file any further motions or documents in this action after this Order is entered, she must first file a Notice of Appearance or Notice of Substitution of Counsel.

## ORDER

IT IS HEREBY ORDERED that the pending motion to withdraw as counsel[17] is GRANTED. Defendant Corrina Bow must file a Notice of Appearance or Notice of Substitution of Council if she intends to file any further motions or documents in this action after this Order is entered.

IT IS FURTHER ORDERED that the Motion for Leave to File Amicus Brief on Behalf of Nonparties Indian Peaks Band of Paiute Indians and Tamra Borchardt-Slayton[18] is GRANTED.

IT IS FURTHER ORDERED that:

---

[16] Docket no. 62, filed May 14, 2021.

[17] Motion to Withdraw as Counsel for Defendant Corrina Bow in Her Official Capacity as Tribal Chairperson for the Paiute Indian Tribe of Utah, docket no. 62, filed May 14, 2021.

[18] Docket no. 66, filed Jun. 2, 2021.

1. Although she is now the named Defendant, all parties agree that Chairwoman Corrina Bow had no part in former Defendant Tamra Borchardt-Slayton's (Borchardt-Slayton) unlawful actions;

2. After reviewing the Tribal records and the record in this case, the Defendant, Tribal Council and the Tribe agree that Borchardt-Slayton's actions violated Tribal law and federal law as alleged in the Complaint;

3. The Defendant and Tribal Council shall abide by its Constitution and Rules of Procedure;

4. The parties agree that each of the five Bands of the Paiute Indian Tribe of Utah, including the Plaintiff Shivwits and Kanosh Bands, has enforceable legal rights and general standing under the Paiute Restoration Act, the Indian Reorganization Act, and the Indian Civil Rights Act, equal to any rights of the Tribe, and can independently exercise any rights under those Acts;

5. The Tribe shall support the Shivwits Band's Secretarial election request and support any constituent Band's request to exercise its rights under the Indian Reorganization Act. The Tribe shall support the Secretarial election request by submitting a letter to the Bureau of Indian Affairs and Interior Board of Indian Appeals declaring that the Tribe supports the Shivwits Band's request and agrees with the reasons for the request and processes requested by the Band;

6. The Defendant and Tribal Council will give each Band representative on the Tribal Council fair and equal notice of meetings and the opportunity to participate in each meeting as set forth in Tribal law;

7. The Tribe and Tribal Council are not liable for payment of any damages, attorney fees, or costs related to this case. Any damages or fees or costs incurred by Plaintiffs or individuals harmed by her acts are not adjudicated here but may be pursued against Borchardt-Slayton in Tribal Court; and

8. This case is hereby DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED that the pending motion to dismiss[19] and motion for leave to file surreply[20] are DISMISSED as MOOT.

The clerk is directed to close the case.

Signed June 3, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[19] Defendant's Motion to Dismiss and Memorandum in Support of Motion for Lack of Subject Matter Jurisdiction and Mootness, docket no. 44, filed Jan. 26, 2021.

[20] Plaintiffs' Motion for Leave to File Surreply and Memorandum in Support, docket no. 49, filed Feb. 16, 2021.